# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA A. POE, | |
| Plaintiff, | Case No. 10 C 6811 |
| v. | |
| UNIVERSITY OF CHICAGO POLICE DEPT., | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

According to the Complaint, Plaintiff, an African-American female, was employed by the University of Chicago Police Department from 1987 until she was fired on August 11, 2009. She contends that in firing her the University subjected "her to disparate treatment." She filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on October 22, 2009, known as Charge No. 440-2010-00217. She received a Right to Sue letter on August 8, 2010. Her Complaint was filed in this court on March 29, 2011. The Defendant has filed a Motion to Dismiss the Complaint.

## I. BACKGROUND

Plaintiff did not attach a copy of her Charge of Discrimination to her Complaint. Since she referred to it in her Complaint and it is central to her claim, the Court may consider it for purposes of a Motion to Dismiss. *Venture Assocs. v. Zenith*

*Data System*, 987 F.2d 429, 431 (7th Cir. 1993). The Defendant points out that the Charge of Discrimination referred to in her Complaint is based solely on a claim that she was denied a promotion and was discharge due to "retaliation" for engaging in protected activity, *viz.*, the filing of a previous EEOC charge in March 2004, and a suit in 2005. The Right to Sue letter, according to Defendant, was therefore limited to her claim of retaliation. Since her Complaint did not mention retaliation but instead contended that she was subject to race and national origin discrimination, the Complaint must be dismissed because it was not filed within ninety (90) days of the receipt of the Right to Sue Letter. Plaintiff responded to the Motion by moving to amend her Complaint which the Court granted. The Plaintiff filed an Amended Complaint on September 21, 2011. The Amended Complaint abandoned the race and national origin claim and instead alleged only the retaliation claim which she had set forth in the EEOC complaint.

## II. <u>LEGAL STANDARD</u>

A Complaint may be dismissed under Rule 12(b)(6)if the allegations in the complaint plainly show that the action is untimely under the governing statute of limitations. *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005). It is Defendant's contention that the Plaintiff did not file her claim for retaliation until she filed her Amended Complaint on September 21, 2011. The ninety-day limit expired on November 8, 2010. Plaintiff

contends that she can avoid dismissal because her amendment relates back to her original Complaint which was filed on October 22, 2010, which was within the 90 day limit. She relies on Rule 15(c)(1)(B).

### III. DISCUSSION

Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:

\* \* \*

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading . . .,"

As explained in *Wright, Miller, and Kane, Federal Practice and Procedure*, Vol. 6A, Section 1497, "[a}though not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." The key, therefore, is notice and, again according to Wright, Miller, and Kane,

> "[Cases] have held that it is sufficient if the opposing party was made aware of the matters to be raised by the amendment from sources other than the pleadings. This position seems sound since it is unwise to place undue emphasis on the particular way I which notice is received. Thus the better approach is to determine whether the adverse party viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered. . .." *Id.* p. 111-112.

Therefore the issue is whether the Defendant was, or should have been, on notice whether Plaintiff was claiming retaliation even though her Complaint was based on discrimination. The

Plaintiff filed her Complaint with the EEOC based solely on retaliation. She, however, subsequently filed suit alleging race and national origin discrimination. Since a Complaint must be based on the allegations contained in the EEOC charge, it is obvious that the Complaint as it stood would have to be dismissed. *Schnellbaecher v. Baskin clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989). The reason for thE rule that the complaint must be based on the EEOC charge is that an employer is entitled to notice of the charge and an opportunity to conciliate. *Id.* Here the Defendant had been put on notice of Plaintiff's claim of retaliation but not of the claim for racial and national origin discrimination. In fact, Defendant filed a detailed response with the EEOC to Plaintiff's allegation that Defendant had retaliated against her. The Court has not found any case directly in point, but again the key to relation back under Rule 15 is notice of the real claim.

Here the Defendant had notice and an opportunity to conciliate before the EEOC the retaliation claim but not the race and national origin claim. Thus, the original Complaint would not be allowed to stand but the Amended Complaint can. Also, the specific injury complained of, the discharge, could be the focal point of a claim for retaliation or discrimination. The Court finds that the Amended Complaint relates back under Rule 15(c)(1)(B).

The Plaintiff also pled claims under Section 1981 and the Illinois Human Rights Act which the Defendant has also moved to

dismiss.  Plaintiff did not respond to Defendant's Motion to Dismiss so the Motion is granted as to these claims.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is Denied as to the Title VII retaliation claim.  All other claims are dismissed.

**IT IS SO ORDERED.**

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

**DATE:** 12/29/2011